UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY VERA,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. CV 12-10472 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Danny Vera filed this action on December 6, 2012.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on January 15, 2013.  (Dkt. Nos. 5, 7.)  On September 5, 2013, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

I.

## PROCEDURAL BACKGROUND

On December 10, 2009, Vera filed an application for disability insurance benefits, alleging an onset date of February 1, 2009.[1]  AR 8, 119-21.  The application was denied initially and on reconsideration.  AR 8, 63-64.  Vera requested a hearing before an Administrative Law Judge ("ALJ").  AR 75.  On July 28, 2011, the ALJ conducted a hearing at which Vera and a vocational expert testified.  AR 29-62.  On September 21, 2011, the ALJ issued a decision denying benefits.  AR 5-21.  On October 5, 2012, the Appeals Council denied the request for review.  AR 1-3.  This action followed.

II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada,* 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

---

[1] Vera previously filed an application for disability insurance benefits in 2005.  Administrative Record ("AR") 9.  The application was denied initially in January 2006, and Vera did not pursue the claim.  *Id.*

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that Vera meets the insured status requirements through December 31, 2014. AR 10. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[2] the ALJ found that Vera had not engaged in substantial gainful activity since February 1, 2009, the alleged onset date. AR 11. Vera had the severe impairments of degenerative disc disease of the lumbar spine with possible radiculopathy and possible peripheral neuropathy, and status-post fracture of the right shoulder in 2008. *Id.*

The ALJ found that Vera had the residual functional capacity ("RFC") to perform sedentary work, except he can lift/carry/push/pull ten pounds occasionally and less than ten pounds frequently; stand/walk about two hours in an eight-hour day with normal breaks; sit about six hours in an eight-hour day with normal breaks; and occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. Vera should never climb ladders, ropes, or scaffolds;

---

[2] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

3

should avoid concentrated exposure to extreme cold and hazards, such as heights and dangerous, moving machinery; and should avoid working on uneven terrain. He has no more than mild mental limitations. AR 14. Although Vera is unable to perform any past relevant work, there are jobs that exist in significant numbers in the national economy that he can perform, such as cashier II, microfilming document preparer and callout operator. AR 18-20.

### C. Credibility

Vera contends the ALJ improperly discounted his credibility.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Vera's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms. AR 15.

"Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036 (citation and quotation marks omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints[.]'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain

4

medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88-13)[3] (quotation marks omitted). The ALJ may consider: (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

In the Disability Report, Vera alleged he is unable to work due to back pain and burning and numbness in his legs. AR 14, 147. He alleged he is in pain "all the time" and can walk only half a block, stand for five minutes at a time and sit for twenty minutes at a time. AR 14, 171, 173. In the Disability Report – Appeal, Vera alleged severe pain in the back, high blood pressure, insomnia, vomiting, bad headaches, irritability, "ache pain of body," frustration, irritable mood, attention problems, erectile dysfunction and constant pain. AR 15, 185, 200, 206. At the hearing, Vera testified that he has low back pain, pain radiating to his feet and numbness in his legs. AR 15, 38. He has problems with concentration and sleep. AR 15, 39-40. On good days, he can vacuum, water the grass and walk around the house. AR 15, 41. On bad days, he sits on the couch. AR 15, 41-42.

The ALJ found that Vera's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with the RFC. AR 15. The ALJ relied primarily on five reasons: (1) the objective medical evidence did not substantiate disability; (2) Vera's treatment was conservative; (3) Vera's statements regarding his activities of daily living

---

[3] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

5

were inconsistent; (4) Vera stopped working because he was laid off; and (5) the record contained evidence of symptom exaggeration. AR 15-16.

The Commissioner argues that even assuming the ALJ erred in discounting Vera's subjective statements based on conservative treatment and activities of daily living,[4] the ALJ's credibility determination should be upheld based on the other valid reasons he provided for discounting credibility.

"Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ noted that the objective medical evidence did not support Vera's alleged level of dysfunction. AR 15. Vera's treating physician, Dr. Hafezi, observed in October 2009 that Vera had intact balance, normal gait, some decreased range of motion of the lumbar spine due to pain, intact sensation, normal reflexes, normal motor strength, a negative straight-leg-raising test and no muscle atrophy. AR 15, 528. An MRI of the lumbar spine in December 2009 indicated spurring and endplate changes, degenerative in type, at L2-3, L3-4 and L5-S1. AR 666. The consultative examining orthopedic surgeon, Dr. Bilezikjian, found in February 2010 that Vera had normal posture, had no limp or antalgic nature to his gait, and did not use an assistive device or brace for normal ambulation. AR 15, 684. Although Vera demonstrated diminished range of motion of the back due to pain and a positive straight-leg-raising test, he did not complain of tenderness to palpation throughout the lower back and showed no evidence of increased muscle spasm. AR 15, 684. Examinations of the cervical spine, extremities and joints were unremarkable. AR 15, 684. The neurologic examination was unremarkable except for some diminished sensation in the plantar aspect of both

---

[4] Vera reported to Dr. Cohen that he spends his days talking with his family, watching TV, taking care of his grandson and playing video games. AR 763.

feet. AR 15, 684-85. A Qualified Medical Examiner ("QME"), Dr. Hannani, examined Vera in July 2010. AR 18, 748. Dr. Hannani found a fair amount of pain in the lumbar spine, low back pain caused by straight-leg-raise testing at about 80 degrees and intact sensation except for a question of decreased sensation in the bottoms of Vera's feet. AR 18, 751. Dr. Hannani opined that Vera qualified for a total 14% whole person impairment. AR 18, 757. The ALJ noted that a QME in psychiatry, Dr. Cohen, noted in April 2011 that Vera's gait was not ataxic. AR 15, 765. Dr. Cohen found mild depression and assessed a GAF score of 67. AR 771.

An ALJ may consider the reason that a claimant stopped working. *See Bruton v. Massanari*, 268 F.3d 824, 826 (9th Cir. 2001) (ALJ properly considered fact that claimant stopped working because he was laid off, not because of medical disability). Vera stopped working in February 2009, not because of disability but because he was laid off. AR 16, 147, 552-53, 749, 762. Vera looked for work after he was laid off and could not find work. AR 16, 762. When Vera's unemployment benefits ran out, his doctor placed him on disability. AR 16, 762.

The ALJ found evidence of symptom exaggeration in the record. AR 16. Dr. Hannani indicated Vera was "hyperreactive" during physical examination and range of motion testing, and there was mild give-way weakness during the motor testing. AR 16, 751-52. Dr. Cohen indicated that test results raised red flags as to the possible exaggeration of emotional symptoms and "the actual extent of the emotional symptomatology." AR 16, 768. Vera argues "[i]t is entirely credible that an individual with such severe impairments would guard against further injury during range of motion testing," and that Dr. Cohen noted he may not be malingering. JS 10-11. However, the ALJ could reasonably interpret the evidence as showing some symptom exaggeration.

The ALJ provided at least three valid reasons for discounting Vera's credibility, and his ultimate credibility finding is legally valid.[5]  When, as here, "the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing."  *Thomas,* 278 F.3d at 959 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)).

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: January 15, 2014

*[signature: alicia G. Rosenberg]*

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[5]  Even assuming the ALJ erroneously relied on Vera's conservative treatment and activities of daily living, remand is not warranted here.  In *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2007), the Ninth Circuit concluded that two of the ALJ's reasons for making an adverse credibility finding were invalid.  When an ALJ provides specific reasons for discounting the claimant's credibility, the question is whether the ALJ's decision remains legally valid, despite such error, based on the ALJ's "remaining reasoning *and ultimate credibility determination*."  *Id*. at 1162 (emphasis in original).  In light of the ALJ's valid reasons for discounting Vera's credibility, substantial evidence supports the ALJ's credibility finding. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (any error was harmless even if record did not support one of four reasons for discounting claimant's testimony).